# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8026 | **DATE** | 2/25/2011 |
| **CASE TITLE** | Earl Blomberg, et al. Vs. Service, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs, Earl Blomberg et al., move to remand this case to the Circuit Court of Cook County based on defendants' failure to establish federal jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"). For the reasons set forth herein the motion [14] is granted and the cause is remanded to state court.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendants Service Corp. International ("SCI") sought removal of this case to federal court by asserting jurisdiction pursuant to CAFA. Federal jurisdiction under CAFA requires that: (1) minimal diversity of citizenship exists between the parties; (2) the proposed class has at least 100 members in the aggregate; and (3) the amount in controversy exceeds $5 million, exclusive of interests and costs. 28 U.S.C. §§1332(d)(2), (5)(B), (6). The proponent of federal jurisdiction bears the burden of demonstrating satisfaction of the necessary elements of jurisdiction. See, e.g., Brill v. Countrywide Home Loans, 427 F.3d 446, 447 (7th Cir. 2005).

Here, plaintiffs assert that defendants have failed to establish that the total amount in controversy exceeds $5 million. Where, as here, the amount in controversy is not apparent from the face of the complaint, the removing party "must show a reasonable probability that the stakes exceed the minimum." Brill, 427 F.3d at 449. "Thus part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." Id. (Emphasis in original). If material factual allegations are contested, the proponent of federal jurisdiction must prove those jurisdictional facts by a preponderance of the evidence. Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). Once the facts have been established, dismissal for lack of jurisdiction is warranted only if it is a "legal certainty" that the amount plaintiff could recover will be less that the jurisdictional floor. Id.

A party seeking to establish federal jurisdiction may meet its burden through calculations derived from a complaint's allegations, statements in interrogatories or admissions in court, or by reference to informal estimates made between the parties, such as settlement demands, or by introducing evidence in the form of affidavits about how much it would cost to satisfy the plaintiffs' demands. See Brill, 427 F.3d at 449; Rising-Moon v. Red Roof Inns, Inc., 435 F.3d 813 (7th Cir. 2006); Rubel v. Pfizer Inc., 361 F.3d 1016 (7th Cir. 2004).

Here, defendant claims that the jurisdictional amount exceeds the minimum threshold, based on the other litigation pending against them around the country. Plaintiffs initially filed their Illinois claims along with their Fair Labor Standards Act claims against defendant in federal court in Pennsylvania (*Prise, et al. v. Alderwoods Group, Inc., et al.,* Case No. 06-cv-1641), which also named Alderwoods Goup, Inc. (defendant SCI's wholly owned subsidiary) as a defendant. The Pennsylvania district court declined to exercise supplemental jurisdiction over the state law claims. Consequently, the employees of SCI and Alderwoods reasserted their state law claims in a Class Action Complaint filed in the state court in California ("Combined State Law Action"). The *Prise* court thereafter decided it would only

**STATEMENT**

hear the claims against Alderwoods and dismissed the claims against SCI. Based on that ruling, plaintiffs voluntarily dismissed the Combined State Law Action in California and re-filed it on behalf of only SCI employees nationwide. Plaintiffs then filed a separate action in federal court in Arizona alleging their federal claims (*Stickle, et al. v. Serv. Corp. Int'l W. Mkt. Support Ctr., L.P., et al.,* Case No. 08-cv-0083). Defendants then removed the state law action in California to federal court in California (*Bryant et al. v. Serv. Corp. Int'l, et al.,* Case No. 08-cv-1190). The California district court indicated that it would not be appropriate to certify a nationwide class. In order to preserve the state law claims of employees who worked outside California, plaintiffs re-filed these claims in separate state actions, including Illinois.

In support of federal jurisdiction in this case, defendant asserts first that the potential class size alleged by plaintiffs in the California action demonstrates satisfaction of the CAFA requirements for jurisdiction. In the California action the class size was approximately 10,000 employee-plaintiffs and plaintiffs did not challenge jurisdiction when defendants removed that case to federal court. Unlike the instant case, that 10,000 estimate in the California case was based on a nationwide class. Second, defendants assert that plaintiffs' counsel filed a lawsuit against defendants in federal court in Virginia alleging jurisdiction based on CAFA, which includes virtually identical claims as the Illinois case and the number of SCI employees in Illinois exceeds the number of Virginia employees. Third, defendants assert that the federal court in Louisiana has rejected a similar motion to remand to state court filed by plaintiffs in the Louisiana lawsuit.

Further, defendants argue that they have established a good-faith basis for a plausible estimate that the amount in controversy exceeds the $5 million statutory minimum. Defendants assert that the period of liability could be between three (Illinois Minimum Wage Law) and five years (Illinois Wage Payment and Collection Act). Defendants therefore posit that the minimum statutory amount-in-controversy would be $9293 based on a class size of 538 (number of Illinois employees) and the number of years of potential liability. Defendants calculate the average number of unpaid hours from two of the named plaintiffs. In answers to interrogatories in the *Stickle* case, plaintiff Kenneth Gurney stated that he was not paid for 1243 hours per year for six years and Michael Rominski stated he was not paid for 1617 hours per year for six years.[1] Therefore, defendants argue that even if they factor in the third named plaintiff the average amount necessary to meet the statutory minimum is only $9294 and yet the average amount of potential liability for the three named plaintiffs is $9763 for just a single year.

Those figures are straight unpaid wage calculation based on minimum wages. The calculations do not include overtime or liquidated damages, both of which plaintiffs have alleged. Nor do those calculations include punitive damages and attorneys fees; both of which are recoverable in unpaid wage case. See Gelb v. Air Con Refrigeration and Heating, Inc., 826 N.E.2d 391, 403-04 (Ill. App. Ct. 2005); Oshana v. Coca-Cola Co., 472 F.3d 506, 512 (7th Cir. 2006). Accordingly, defendants argue that potential punitive damages and attorneys fees should also be included in calculating the jurisdictional amount.

With respect to defendants' claim that the potential class in this case is 10,000 of its employees, that claim must fail. Plaintiffs in this case must be eligible to recover under Illinois law, thus unless defendants put forth some competent evidence to show that all of its employees nationwide could recover unpaid wages under Illinois law, that claim fails. Likewise, defendants' arguments that the Illinois employees' claims would meet the threshold amount based on classes of other plaintiffs in different states must fail without evidence that their potential recovery is similar to those other states.

Although Federal Rule of Civil Procedure 23 requires that the claims of class representatives to be typical of the class, defendants have not presented any competent evidence that either Gurney or Rominski are typical in terms of the number of unpaid hours and the number of years employed. Defendants have also failed to provide even an estimate of their potential exposure for either attorneys' fees or punitive damages. Accordingly there is no way for this Court to calculate even an estimate of the amount in controversy on those two elements of damages.

This Court is mindful that, as masters of their complaint, plaintiffs have a great deal of control over information early in litigation and sometimes resort to "cat and mouse" games when they want to avoid federal jurisdiction. See Oshana, 472 F.3d at 512. At this time, however, defendants have failed to meet their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5 million. "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). Accordingly, the matter is dismissed without prejudice and remanded to the Circuit Court of Cook County.

1. If Gurney and Rominski were paid the Illinois state minimum wage of $8.25/hour, (820 ILCS 105/4(a)(1)

**STATEMENT**

(West 2010)), then defendants calculate the amount-in-controversy for each of those plaintiffs at $61,530 and $80,040 respectively.